**Kevin BISHOP, Plaintiff—Appellant,**

v.

**CITY OF HENDERSON, et al.,
Defendants—Appellees.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Kevin Bishop, Plaintiff—Appellee,

v.

City of Henderson, et al., Defendants—Appellants.

Nos. 01–16854, 01–16907.

D.C. No. CV–97–00876–PMP/RJJ.

D.C. No. CV–97–00876–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2002 *.

Decided Oct. 21, 2002.

Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,** District Judge.

MEMORANDUM ***

Kevin Bishop ("Bishop") appeals pro se the district court's order, on remand from this Court, awarding the City of Henderson (the "City") and City officials attorneys' fees in the amount of $24,141.88 under 28 U.S.C. § 1927, arising from Bishop's 42 U.S.C. § 1983 action against the City. *Bishop v. City of Henderson,* 242 F.3d 380, 2000 WL 1612157 (9th Cir.2000). The City cross-appeals, and requests additional attorneys' fees under 28 U.S.C. § 1927 and penalties under Fed.R.Civ.P. 11.

The district court did not abuse its discretion when it decided to impose attorneys' fees under 28 U.S.C. § 1927. *See Gomez v. Vernon,* 255 F.3d 1118, 1134–35 (9th Cir.2001). However, the district court mistakenly awarded the City 95% of the "initial award," made on September 14,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1999, without considering the district court's amended order of March 2, 2000. We conclude that the district court should have awarded the City 95% of $26,112.50, or $24,806.88, for attorneys' fees. Therefore, as to Bishop's appeal, we affirm.

■ On the issue of the City's cross-appeal for additional attorneys' fees, the City incurred $20,700 (165.6 hours × $125 per hour) in attorneys' fees subsequent to our remand (No. 00–15486). Because Bishop's conduct was the same before and after remand, and the district court found the pre-remand conduct vexatious, we find that the City is entitled to *additional* attorneys' fees in the amount of $19,665.00, or 95% of $20,700, for work performed post-remand. Bishop thus owes $44,471.88 in attorneys' fees.

■ Reviewing the remainder of the City's arguments for abuse of discretion, *see Gilbrook v. City of Westminster,* 177 F.3d 839, 875 (9th Cir.1999); *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.,* 50 F.3d 730, 732 (9th Cir.1995), we hold that the district court should have awarded Rule 11 sanctions. Bishop's behavior subsequent to remand, including continued personal attacks upon counsel, continued threats of future litigation, and the unnecessary filing of frivolous motions, warrants punishing Bishop for violating Rule 11.

AFFIRMED as to Bishop's appeal; REMANDED as to the City's cross appeal for proceedings consistent with this disposition.